UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Securities and Exchange Commission,<br><br>                 Plaintiff,<br><br>    -against-<br><br>Mark Klein,<br>Eduardo Rubinstein, and<br>Pablo Rubinstein,<br><br>                 Defendants | 22 Civ. 6426 (LGS)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

Pursuant to Federal Rule of Civil Procedure 26(c) and 5 U.S.C. § 552a(b)(11), and upon a showing of good cause in support of the entry of this Stipulated Protective Order to protect the production, discovery, and dissemination of nonpublic confidential information and/or sensitive data or records, including but not limited information that may be subject to the provisions of the Privacy Act of 1974,

IT IS HEREBY ORDERED that:

A.     This Stipulated Protective Order shall apply to all documents, materials, and/or information produced in the course of discovery by the parties or any third parties, including electronic discovery, answers to interrogatories, responses to requests for admission or production, all documents or information produced in response to Fed. R. Civ. P. 45 subpoenas, all material produced through informal discovery, and all deposition testimony and deposition exhibits.

B.     The parties, or any third party producing materials in response to a request related to this civil action may, in good faith, designate documents or information as "CONFIDENTIAL." CONFIDENTIAL information includes that which counsel for the designating party or third party determines, in good faith, may be protected by statute, regulation,

or other authority, including confidential bank or brokerage account information, trade secrets, confidential governmental information, proprietary or non-public research and development records, customer, business, commercial, or financial information, or other personally identifiable information protected by the Privacy Act.

C.     The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." Alternatively, a party may designate material "CONFIDENTIAL" by submitting a letter to all parties specifying the information to be so designated. One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial or governmental information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

D.     Portions of depositions may be deemed confidential if they are designated as such when the deposition is taken or within 30 days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

E.     Unless ordered by the Court, or otherwise provided for herein, all documents and other materials disclosed in this action (including, but not limited to Confidential Information), will be held and used by the person receiving such information solely for use in connection with this action. However, nothing in this Order shall prevent the SEC from complying with its obligations under law concerning disclosure of documents, including but not limited to its published Routine Uses of Information in Forms 1661 and 1662, the Freedom of Information

Act, and any other statutes or rules applicable to the SEC, or interfere with the SEC's use of information for law enforcement activities and to otherwise regulate, administer, and enforce the federal securities laws.

      F.      If the parties, or any third party producing materials in response to a request related to this civil action, disclose a document or information that would otherwise be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, this Stipulated Protective Order is an order of the Court which allows for such disclosure.

      G.      In the event a party or third party challenges another party's or third party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court consistent with this Court's Individual Rules and Procedures for Civil Cases and Rule 37.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Nothing in this Stipulated Protective Order operates as a waiver of any claim or defense in this Action or to create an admission by any party that Confidential Information disclosed in this case is or is not (i) confidential, (ii) privileged, (iii) discoverable, (iv) relevant, or (v) admissible in evidence at trial. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

      H.      Subject to paragraph (E), above, information or documents designated as Confidential Information shall not be disclosed to any person, except:

    1. The parties and counsel of record;

    2. Employees of such counsel assigned to and necessary to assist in this action;

    3. Outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire to assist in this action;

4. Mock jurors and related service providers;

5. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

6. Stenographers and videographers engaged to transcribe depositions the parties conduct in this action;

7. Consultants or experts to the extent deemed necessary by counsel;

8. Any person who counsel for a party in good faith believes may be called to testify at trial or deposition in this action (as well as counsel for such person), except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information;

9. The Court or the jury at trial or as exhibits to motions; and

10. Any other person to whom the Parties have agreed in writing disclosure may be made or to whom disclosure has been authorized by order of the Court.

I. Subject to paragraph (E), above, prior to disclosing or displaying Confidential Information to any person, counsel shall:

1. inform the person of the confidential nature of the information or documents; and

2. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than in connection with this action and has enjoined the disclosure of that information or documents to any other person except as permitted by this Stipulated Protective Order.

J.  Subject to paragraph (E), Confidential Information may be displayed to and discussed with the persons identified in Paragraphs (H)(4) and (8) only on the condition that, prior to any such display or discussion, each such person shall be asked to agree to be bound by this Order. In the event such person refuses to agree to be bound by this Stipulated Protective Order, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

K.  For the purpose of Paragraph (H)(9), any documents which are filed with the Court are public documents, and such documents will be sealed by the Court only upon motion and in accordance with applicable law. **Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3**. This Protective Order does not provide for the automatic sealing of any documents nor does it alter or modify the applicability of Rule 5.2 of the Federal Rules of Civil Procedure. In the event counsel for any party determines to file with the Court documents containing any Confidential Information and the party that produced the Confidential Information does not consent in writing to public filing of that Confidential Information, the filing shall be accompanied by a motion or letter motion advising the Court that the producing party requests that the Confidential Information be filed under seal, in accordance with the Court's Individual Rules and Procedures for Civil Cases, the Court's Standing Order (19-mc-00583), and Section 6 of the S.D.N.Y. ECF Rules & Instructions. Within seven days of any such filing, the filing party may file an affidavit or declaration and memorandum of law demonstrating that the standards for sealing have been met and specifically addressing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and any other controlling authority.

L. With regard to the inadvertent production of discovery material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection:

1. The inadvertent production by a producing party of discovery material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the producing party's reasonable efforts to prescreen such discovery material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced discovery material is made promptly after the producing party learns of its inadvertent production. Moreover, the inadvertent production of a privileged or protected document or material shall not waive the attorney-client privilege, work-product protection, or any other applicable privilege or protection claimed or asserted over discovery material that covers or otherwise relates to the same subject matter as the inadvertently produced document or material.

2. Upon a request from any producing party who has inadvertently produced discovery material that it believes is privileged and/or protected, each party who has received such material shall immediately return or destroy such material and all copies to the producing party.

3. Nothing herein shall prevent the receiving party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced discovery material and such other information as is

      reasonably necessary to identify the discovery material and describe its nature to the Court in any motion to compel production of the discovery material.

M. Any party or third party that discovers that it inadvertently produced material containing Confidential Information without designating that information as confidential may, within a reasonable time following its discovery of the inadvertent production, retroactively designate that material as Confidential Information, by providing notice of its designation in writing to all parties and third parties that have received such information.

N. This Stipulated Protective Order is entered without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.

O. Within 60 days of the final disposition of this action, including all appeals, all recipients of Confidential Information other than the Court must either return it, including all copies thereof, to the producing party, or destroy such material, including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the producing party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Information. Notwithstanding this provision, the attorneys that the parties have specifically retained for this action may retain an archival copy of all pleadings,

motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

P. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

Q. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Stipulated for the parties this 5th day of October, 2022.

| *s/ Brendan White* | *s/ John Meringolo* | *s/ Ian Kellogg* |
|---|---|---|
| Brendan White | John Meringolo | Ian Kellogg |
| Anthony DiPietro | Anjelica Cappellino | Mark Williams |
| | | |
| *Attorneys for Defendant Mark Klein* | *Attorneys for Defendant Eduardo Rubinstein* | *Attorneys for Plaintiff Securities and Exchange Commission* |

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions. So Ordered.

Dated: October 6, 2022
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## CERTIFICATE OF SERVICE

      I hereby certify that on October 5, 2022, I filed the foregoing with the Clerk of Court using the CM/ECF system.

                                              *s/ Scott Wesley*
                                              Securities and Exchange Commission