**VIA ECF**                                                                                        May 5, 2023

The Honorable Lorna G. Schofield
Southern District of New York
500 Pearl Street
New York, New York 10007

      *Re:*     *SEC v. Klein, et al.*, 1:22-cv-06426-LGS

Dear Judge Schofield:

      Pursuant to this Court's Memo Endorsement, ECF No. 41, Plaintiff Securities and Exchange Commission ("SEC") and Defendants Eduardo Rubinstein and Mark Klein submit this joint status letter regarding the resolution of the amounts of civil penalties in this case.

      Following conferral regarding potential discovery that may be needed to resolve the issue of penalties, the parties have agreed that, in lieu of discovery, Defendant Eduardo Rubinstein shall provide the SEC with an accounting that complies with Attachment A, hereto.  The purpose of the accounting is to (1) avoid the time and expense of conducting discovery, while still (2) providing the SEC with the information that it would have requested through discovery, including (a) Defendants' assets available to satisfy a judgment in this case, (b) assets that may once have been available to satisfy a judgment in this case but have been transferred out of Defendant's control, and (c) assets that remain in Defendant's control but that Defendant claims are legally unavailable (*e.g.*, under the Florida homestead exemption) to satisfy a judgment in this case.[1]

      The parties respectfully submit that a sworn accounting is the most efficient way for the parties to deal with any factual issues that may be relevant to the resolution of the matter of civil penalties.  Accordingly, and mindful of the Court's apprisal, *see* ECF No. 41, the parties propose the following schedule for the resolution of the amount of civil penalties in this case:

- Defendant's sworn accounting provided to SEC: May 12, 2023;

- SEC Motion/Opening Brief:  May 26, 2023;

- Defendants' Response Briefs:  June 16, 2023;

- SEC Reply Brief: June 30, 2023.

---

[1] Defendant Mark Klein does not intend to raise any factual issues outside of the complaint or the public record in support of his arguments in favor of a lower civil penalty amount and is not, therefore, submitting an accounting.

Respectfully submitted,

| *s/ Brendan White* | *s/ Joseph Bondy* | *s/ Ian J. Kellogg* |
|---|---|---|
| Brendan White | Joseph A. Bondy | Ian Kellogg |
| Anthony DiPietro | | Mark Williams |
| | | |
| *Attorneys for Defendant Mark Klein* | *Attorneys for Defendant Eduardo Rubinstein* | *Attorneys for Plaintiff Securities and Exchange Commission* |

**Attachment A**

Defendant shall produce a sworn accounting, made under penalty of perjury, detailing:

A.  All investments, securities, funds, real estate, real property, collectibles, personal property, and other assets with an estimated value of $3,000 or more held in the name of Defendant, or held in trust for the benefit of Defendant, or in the names of any subsidiary, affiliate, or agent or under Defendant's direct or indirect control, stating a description, a value, and location of such assets;

B.  Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, with estimated holdings of $3,000 or more maintained in the name of Defendant, or held in trust for the benefit of Defendant, or the names of any subsidiary, affiliate, or agent, in which they have direct or indirect control or beneficial interest, and the current value and makeup of that account;

C.  Every transaction exceeding $3,000 in which the ownership, direction, or control of any funds or other assets of any kind have been transferred, directly or indirectly, to or from Defendant, or to or from any account under Defendant's control, from January 1, 2018 to the present.

D.  For any asset listed in response to paragraphs A-C above that Defendant claims is, or should be, unavailable to satisfy any judgment in this case, identify the asset and a brief (1-2 sentence) statement of the reason for the claimed unavailability. *E.g.*, Defendant's primary residence, valued at $X, is held as a tenancy-in-common with Defendant's spouse and is unavailable to satisfy any judgment under the Florida Homestead exemption.